## Cochran, Sr., and Cochran, Jr. v. Commonwealth.

(Decided January 19, 1923.)

### Appeal from Allen Circuit Court.

Criminal Law—Evidence—Failure of Defendant to Object to Evidence.—Although *incompetent evidence is introduced* and heard on behalf of the Commonwealth in a criminal case, no relief can be had by defendant if he fail to object to the introduction of the evidence or to move for its exclusion until after verdict and judgment.

OLIVER & DIXON for appellants.

CHAS. I. DAWSON, Attorney General, and THOS. B. McGREGOR, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE SAMPSON— Affirming.

Appellants', Cochran, Sr., and Cochran, Jr., sole contention is that the trial court erred in overruling their

motion for a directed verdict, finding them not guilty on the theory that there was no competent evidence heard by the jury upon which to base the verdict of guilty and the imposition of the fine and jail sentence for the offense of unlawfully transporting intoxicating liquors. Appellants say that the evidence was obtained through an unlawful search of their vehicle in which the liquor was being carried. The officers were the only witnesses for the Commonwealth upon the trial. Appellants did not object to the testimony of the officers proving that they apprehended appellants on the highway with a buggy loaded with moonshine whiskey, or to any of the evidence tending to establish appellants' guilt. Not having objected to the introduction of the evidence, or moved for its exclusion, the court properly overruled appellants' motion for a directed verdict and submitted the case to the jury. Such a motion does not raise the question of the inadmissibility of evidence but goes to its sufficiency as a whole to carry the case to the jury. See Sorrels v. Commonwealth, this day decided, and the cases there cited.

Judgment affirmed.